UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SAMUEL ALEXANDER KUHL,

        Plaintiff,

v.

BUREAU OF PRISONS et al.,

        Defendants.
_____/

Case No. 1:24-cv-239

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a federal pretrial detainee pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated as a federal pretrial detainee at the Newaygo County Jail in White Cloud, Michigan. Plaintiff sues the Bureau of Prisons (BOP), the United States Marshals Service (USMC), United States Attorney General Merrick Garland, and Assistant Attorney General for the Civil Rights Division Kristen Clarke.

As background, on April 25, 2023, a grand jury serving this Court returned an indictment charging Plaintiff with one count of sexual exploitation of a minor and one count of coercion and enticement and attempted coercion and enticement. *See* Indictment, *United States v. Kuhl*, No. 1:23-cr-44 (W.D. Mich.), (ECF No. 1). Plaintiff was remanded to USMS custody, and both the government and defense subsequently moved for an order regarding Plaintiff's competency to stand trial. *See* Br. & Mot., *id.*, (ECF Nos. 15, 16). Following a hearing on August 16, 2023, U.S. Magistrate Judge Kent granted the motions and directed that Plaintiff "be committed to the custody of the Attorney General for placement in a suitable facility for the purposes of having medical, psychiatric[,] and/or psychological examinations conducted by a licensed or certified psychiatrist or psychologist of that facility." *See* Order, *id.* (ECF No. 20).

After those examinations were completed, U.S. Magistrate Judge Kent found that Plaintiff was not competent to stand trial and directed that Plaintiff "be committed to the custody of the Attorney General's "for further inpatient evaluation and restoration to competency pursuant to 18 U.S.C. § 4241(d) for a period not to exceed 120 days form the date of arrival at the treatment facility." *See* Order, *id.*, (ECF No. 28). Shortly thereafter, the Court was notified that Plaintiff had been designated to Federal Medical Center (FMC) Butner in Butner, North Carolina, for such treatment. In an order entered on December 27, 2023, U.S. Magistrate Judge Kent ordered that

2

Plaintiff be transferred to FMC Butner "with arrival no later than ten days from the date of this order." *See* Order, *id.*, (ECF No. 29).

On March 5, 2024, Plaintiff, through defense counsel, filed a motion to compel Plaintiff's transport to FMC Butner. *See* Mot., *id.*, (ECF No. 33). U.S. Magistrate Judge Kent held a hearing on that motion on March 14, 2023. That same day, he entered an order denying the motion to compel transport. *See* Order, *id.*, (ECF No. 38). The transcript of the hearing suggests that Plaintiff has not yet been transported to FMC Butner because there is a waiting list for competency restoration transports. *See* Trans., *id.*, (ECF No. 39).

Plaintiff has now filed a civil rights suit seeking the same relief—transport to FMC Butner. Plaintiff contends that Defendants have failed to follow the Court's orders directing that Plaintiff be transported within ten days. (Compl., ECF No. 1, PageID.1.) Plaintiff alleges that he is being denied appropriate medical treatment, in violation of the Eighth Amendment. (*Id.*) He also suggests that his rights under the Fifth, Sixth, and Fourteenth Amendments are being violated. (*Id.*) Plaintiff seeks injunctive and declaratory relief. (*Id.*)

**II.   Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under *Bivens*, "a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003) (citing *Bivens*, 403 U.S. at 397). To establish liability under *Bivens*, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976)).

### A. Claims Against Defendants BOP and USMS

As noted above, Plaintiff has named the BOP itself as a Defendant in this matter. However, an individual "may not bring a *Bivens* claim against . . . the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *see also Himmelreich v. Fed. Bureau of Prisons*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012). The purpose of *Bivens* is to deter individual federal officers, not the agency itself, from committing constitutional violations. *See Malesko*, 534 U.S. at 70; *see also FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994) (noting that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). "Neither the United States nor its agencies have waived sovereign immunity for constitutional claims." *See*

4

*Mierzwa v. United States*, 282 F. App'x 973, 976–77 (3d Cir. 2008). For those reasons, Plaintiff's claims against the BOP and the USMS will be dismissed.

### B. Claims Against Defendants Garland and Clarke

Plaintiff has also named Attorney General Merrick Garland and Assistant Attorney General for the Civil Rights Division Kristen Clarke as Defendants for this matter. Plaintiff faults Defendant Garland for not abiding by the Court's orders regarding Plaintiff's transport to FMC Butner, and he suggests that Defendant Clarke "is accountable because she is allowing this to happen." (Compl., ECF No. 1, PageID.1.)

It appears that Plaintiff has named Garland and Clarke as Defendants because of their supervisory positions as United States Attorney General and United States Assistant Attorney General. However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

5

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Garland and Clarke encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in that conduct. Plaintiff's vague and conclusory allegations of supervisory liability are insufficient to show that Defendants Garland and Merrick were personally involved in the alleged violations of Plaintiff's constitutional rights. Because Plaintiff has failed to allege that Defendants Garland and Clarke engaged in any active constitutional behavior, Plaintiff fails to state a claim against them.

## C.  Merits of Plaintiff's Claims

Although Plaintiff's complaint is subject to dismissal for the reasons set forth below, the Court will also address the merits of Plaintiff's various constitutional claims.

### 1.  Fifth and Fourteenth Amendment Due Process Claims

Petitioner contends that the failure to timely transport him to FMC Butner for competency treatment violates his Fifth and Fourteenth Amendment due process rights. As an initial matter, "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Here, Plaintiff has named federal officials as Defendants. Accordingly, Plaintiff cannot maintain his Fourteenth Amendment claims, and such claims will be dismissed.

Plaintiff's commitment for competency treatment is governed by 18 U.S.C. § 4241, which provides, *inter alia*, that a court must commit a defendant to the custody of the Attorney General if the court "finds by a preponderance of the evidence that the defendant is presently suffering

from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). That section provides further that the Attorney General shall hospitalize the defendant "for treatment in a suitable facility" for a "reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1).

To the extent Plaintiff maintains that the delay in transporting him to FMC Butner for competency treatment under § 4241 violates his Fifth Amendment due process rights, Plaintiff cannot maintain such a claim. As the Sixth Circuit has explained, the Fifth Amendment governs pre-indictment delay, whereas the Sixth Amendment governs post-indictment delay. *See United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009). As noted above, Plaintiff is subject to an indictment returned by a grand jury and, therefore, the Fifth Amendment does not apply. In any event, Plaintiff has not cited, and the Court has not found, any cases concluding that due process is violated when a defendant's transport to a medical facility for competency treatment is delayed because of a waiting list for defendants requiring such treatment. The BOP only has so much bed space available for such treatment, and the Court cannot speed up Plaintiff's transport by essentially forcing Defendants to "jump the line" and prioritize Plaintiff over others who have also been waiting for such treatment.

The Supreme Court has "repeatedly and consistently recognized that 'the criminal trial of an incompetent defendant violates due process.'" *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)). Here, the Court has affirmatively taken action to ensure that does not occur in Plaintiff's criminal case. While the Court understands

7

Plaintiff's frustration at not yet being transported to FMC Butner, Plaintiff simply has not shown that the delay has violated his Fifth Amendment due process rights. Accordingly, Plaintiff's Fifth Amendment due process claims will be dismissed.

2. **Sixth Amendment Claims**

Plaintiff also contends that his Sixth Amendment speedy trial rights have been violated by the delay in transporting him to FMC Butner. (Compl., ECF No. 1, PageID.1.) The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

Unlike 42 U.S.C. § 1983, *Bivens* does not provide a broad remedy for constitutional violations by agents of the federal government. Instead, the Supreme Court has recognized *Bivens* causes of action in only the Fourth, Fifth, and Eighth Amendment contexts. *See Malesko*, 534 U.S. at 66–68. In 2017, the Supreme Court declined to extend an implied action beyond these existing contexts and noted that expansion of the *Bivens* remedy is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

To determine whether *Bivens* can afford relief in a particular case, a court must first question "whether the case presents 'a new *Bivens* context—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied" an action. *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (alteration in original). If it is meaningfully different, then the context is new, and a *Bivens* remedy is "unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing an . . . action to proceed." *Id.* (quoting *Ziglar*, 582 U.S. at 136).

Plaintiff's Sixth Amendment speedy trial claim does not fall within any of the existing contexts for which the Supreme Court has implied a *Bivens* remedy. Several courts have concluded that a *Bivens* remedy is not available for alleged violations of the Sixth Amendment. *See, e.g.*,

8

*Sharratt v. Murtha*, 437 F. App'x 167, 170 (3d Cir. 2011); *Reyes v. Sedillo*, 222 F. App'x 753, 754 n.2 (10th Cir. 2007); *Montgomery v. Ferentino*, No. 4:17-cv-2326, 2019 WL 7372323, at *7–8 (N.D. Ohio Dec. 31, 2019); *Mathew v. Cent. Falls Det. Facility Corp.*, No. 09-253S, 2011 WL 6056713, at *8 (D.R.I. Sept. 30, 2011), *report and recommendation adopted*, No. 09-253-S, 2011 WL 6097978 (D.R.I. Dec. 6, 2011), *aff'd*, No. 12-1094 (1st Cir. June 12, 2014); *Teague v. Clark*, No. 06-CV-02588-LTB-CBS, 2008 WL 2235687, at *7 n.2 (D. Colo. May 27, 2008).

This Court agrees with those courts that a *Bivens* remedy is not available for Plaintiff's Sixth Amendment speedy trial claim. As the Sixth Circuit has noted, "the sole remedy for a violation of the speedy-trial right is dismissal of the charges." *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017); *see also Rockwell v. Adams*, No. 3:14-9190, 2014 WL 2779009, at *4 (S.D. W. Va. June 19, 2014) (noting that "*Bivens* has never been extended to provide an alternative remedy to speedy trial violations, and indeed, the Supreme Court has held that dismissal is the only possible remedy for a speedy trial violation"). Plaintiff, therefore, must pursue any alleged speedy trial violation in his pending criminal matter, not via a *Bivens* suit. Plaintiff's Sixth Amendment speedy trial claims will, therefore, be dismissed.

### 3. Eighth Amendment Claims

Finally, Plaintiff contends that Defendants have violated his Eighth Amendment rights by "depriving [him] of appropriate medical treatment." (Compl., ECF No. 1, PageID.1.)

As an initial matter, Plaintiff is a federal pretrial detainee, not a convicted inmate. Thus, it appears that the Fifth Amendment's Due Process Clause, not the Eighth Amendment, would govern Plaintiff's claims regarding denial of medical care. *See Foreman v. United States*, No. 2:22-cv-10401, 2023 WL 8850085, at *5 n.5 (E.D. Mich. Nov. 2, 2023).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment [state] pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford*

9

*Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). That is, a pretrial detainee must show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Further, a pretrial detainee must still show that he faced a sufficiently serious risk to his health or safety to satisfy the objective prong. *Cf. Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (stating that "*Brawner* left the 'objectively serious medical need' prong untouched"); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

It does not appear that the Sixth Circuit has yet considered whether the recklessness standard set forth in *Brawner* also applies to federal pretrial detainees asserting claims under the Fifth Amendment. The Court need not decide that question, however, because Plaintiff fails to allege facts suggesting that Defendants have personally denied him medical care. As noted above, Plaintiff cannot maintain suit against the BOP and the USMS. Moreover, he fails to allege facts suggesting that Defendants Garland and Clarke have been personally involved in the alleged constitutional violations. For those reasons, Plaintiff's Eighth (or Fifth) Amendment claims premised upon the denial of medical care will be dismissed.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  April 3, 2024                              /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge